**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.** 6:09-CV-768-22G JK

FILED
2009 MAY -5 PM 1:56
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO, FL

**STEVEN KING,**

**Plaintiff,**

**vs.**

**WCI COMMUNITIES, INC. AND CONNECTICUT GENERAL LIFE INSURANCE COMPANY,**

**Defendants.**
_______________________________________/

## COMPLAINT

Plaintiff, by and through the undersigned attorney, sues Defendants WCI Communities, Inc. (WCI) and Connecticut General Life Insurance Company (CG), and alleges as follows:

## NATURE OF CLAIM

1. This is an action for declaratory relief pursuant to 28 USC §2201 *et seq.* to clarify questions concerning Defendant's alleged right of reimbursement under an ERISA employee benefit plan.

## JURISDICTION AND PARTIES

2. WCI is the "plan sponsor" of an "employee welfare benefit plan," as those terms are defined in 29 USC §1002(16)(B), subsection (1), (the "Plan").

3. CG is the claims administrator of the Plan. CG is a fiduciary subject to suit under ERISA as it made the final decision at issue in this matter.

4. WCI provided Steven King with medical benefits under the Plan pursuant to 29 USC §1001, *et seq.* A copy of Defendant's Summary Plan Description ("SPD") is attached hereto as Exhibit 1.

5. Plaintiff is a Plan "beneficiary," as that term is defined in 29 USC §1002(8).

6. The Court has jurisdiction over this dispute pursuant to 29 USC §1332(e).

**BACKGROUND**

7. On February 21, 2006, Plaintiff was injured as a result of an automobile accident.

8. Plaintiff asserted a claim against the other driver involved in the crash. The other driver carried $250,000 in bodily injury liability limits which were tendered to Plaintiff.

9. Plaintiff also asserted a claim against his own uninsured motorists carrier for damages. The uninsured motorists carrier claimed that there was only $25,000 in policy limits, however, because of questionable claims handling practices by the uninsured motorists carrier, the uninsured motorists claim was resolved for $250,000.

10. Plaintiff was seriously injured in the automobile accident and was not made whole by the above settlements.

11. CG claims that WCI has expended in excess of $230,000 for medical care for Plaintiff that is a result of the automobile accident.

12. CG now claims that under the Plan, it is entitled to reimbursement of approximately $142,030.58 from the proceeds of the settlement of the bodily injury and uninsured motorists claims.

13. Plaintiff believes that WCI is not entitled to any of the proceeds from the settlements; or in the alternative, is entitled to an amount significantly less than that which is claimed.

14. Plaintiff has satisfied all conditions precedent to bringing this action, and/or any such conditions have been waived, and remains fully prepared to comply with his obligations pursuant to the aforesaid policy of insurance.

15. Because of Defendants' refusal to waive the alleged right of reimbursement, it has become necessary that Plaintiff retain the services of the undersigned attorney.

Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

**CLAIM FOR DECLARATORY RELIEF**

16. The Plaintiff is unsure of his rights under the SPD and/or the applicable Plan, and therefore, has filed this action to clarify his rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter a declaratory judgment by adjudging that the Plan does not have a lien on any of the settlement proceeds; or in the alternative, is entitled to an amount significantly less than that which is claimed. Plaintiff also requests that this Court award attorney's fees pursuant to 29 USC §1332(g), and costs, and demands trial by jury on all issues so triable.

Respectfully submitted this 4th day of May, 2009.

THE NATION LAW FIRM

Mark A. Nation, Esquire
Florida Bar No.: 968560
570 Crown Oak Centre Dr.
Longwood, FL 32750
Ph: (407)339-1104
Fx: (407)339-1118
Email: mnation@nationlaw.com
Attorney for Plaintiff